This is Tatiana Lange from Seton Hall Center for Social Justice on behalf of Jason Baxter. As detailed in the brief, Baxter has five viable claims, three of which my co-counsel will address in a moment. But now I will address Baxter's first two claims, equal protection class of one, and First Amendment retaliation. I'd just like to briefly note that this case should not be dismissed through a sponte unless there is no plausible theory under any legal theory of release. So on to Baxter's equal protection class of one claim. Baxter is an inmate in punitive isolation who is entitled to 15 years' worth of— Jason Baxter Do these class of one claims ever prevail? I don't think I've ever seen a successful one. Tatiana Lange Your Honor, you're right that it's rare for class of one claims to prevail given what can be proved at trial. But as the Supreme Court recognized in Village of Willowbrook, a plaintiff to state an equal protection class of one claim only has to allege that they are similarly situated to And this claim was dismissed through a sponte before service on the defendant. So it should not have been dismissed if he stated a claim. And we argue that he did state a claim. He alleges that he was similarly situated to three inmates who were given phone access while Wagner denied him phone access in particular. And not only were they treated differently, but there was no rational basis. Baxter alleges that there was no legitimate penological basis for this difference in treatment and that if there was a motivation for this treatment, that it was a retaliatory motive. And that wouldn't only be irrational, but it would be highly improper, which is Baxter's second claim. So as to his second claim, First Amendment retaliation, Baxter has filed persistent grievances against Wagner and other guards at Southport Prison for their persistent harassment of him. And in response to his persistent grievances, they denied him phone access. So First Amendment retaliation has three required elements. First, that there's protected conduct here, Baxter's First Amendment protected grievances. Second, that there is an adverse action taken by the defendant. Here, Wagner's denial of Baxter phone access. And thirdly, that there's causation. And the first two elements are not seriously in dispute, but the causation element is clearly proven given the abundance of facts in Baxter's complaint. And I can highlight three of those reasons for causation supported by cases we cited, Bennett and Espinal. One reason is that the denials by Wagner were without merit, which is relevant. The second reason is that Wagner was the subject of Baxter's protected speech, which was relevant. And thirdly, that the denials of phone access followed shortly after the grievances that were filed. So the clearly there is evidence of causation and retaliation in total from the complaint. So at this time, I'd be happy to take any questions from the panel on these two claims before my co-counsel addresses the remaining claims. Thank you. We'll hear from your colleague. May it please the court. Hello, my name is Levi Klinger Christensen, also representing Baxter with the Center for Social Justice. I'll be raising Baxter's final three claims that Wagner violated Baxter's First Amendment rights to reasonable telephone access and right of access to the courts. And finally, his right to procedural due process. As we were asked to address in our appointment order, Baxter's third claim is that this court should join its five sister circuits in expressly recognizing that inmates retain a First Amendment right to telephone access, subject, of course, to reasonable limitations arising from legitimate penological and administrative interests of the prison system, and that this court should hold that on this record, Baxter's complaint properly alleges a denial of that right. If we apply the standard adopted by these other courts, we see that Baxter's complaint alleges a denial of telephone access to which he was entitled, and his complaint alleges the absence of any legitimate there. Have there been any courts that have held there is no such right? Your Honor, I. For all of the courts that that we found in our research that have addressed this question, they ultimately did find that the right existed. So I haven't I we did not find a court that specifically chose to digress from from the other courts, though there may be some that have not reached this question yet. Thank you. Can I ask? This is Judge Nardini. Can you be can you clarify the nature of your client's claim? Is he claiming that he was deprived of all access to the telephone? Or is it because there was some disciplinary report or some prison report in the record that indicated he has been granted one, suggesting that his claim is that he was deprived of more calls than would have been? He would have been entitled to under the standard prison procedures. So could you clarify what his claim is? Yeah, his complaint alleges that he was denied what he was entitled to for a period of months. So it's not that he was completely denied for his entire time that he that he was in the in Southport or in the segregated housing, but that the that the prison did deviate from what he was specifically entitled to for a period of months. And could you just direct us to the particular portion of the record that makes that clear? Yes, that would be early on in the record. He indicates. I don't know if I can point to the exact page at this moment off the top of my head, but he does. But what he does allege is that he was entitled to he indicates that he was entitled to a either a level two or three phone call and that other inmates were given that were in similar situations were given those were given those calls that that's early on his complaint in the form as he was filling out the form. He indicates that he was entitled to a level two or three phone calls of which he was denied. So therefore, the prison deviated from what he was what he was entitled to. Is the claim that inmates in general have a constitutional right to make telephone calls? Or is the claim that whatever was allowed for inmates at this particular facility, he was he was denied that or both? Your Honor, that may be an important question as to what the First Amendment absolutely requires as a minimum, but this court does not have to reach that issue necessarily. What is important is that he he was entitled to a certain amount of phone time and this phone the prison and state regulations had determined was a reasonable amount of time. What the First Amendment simply would say is that if the prison was going to deviate from that, there needs to be legitimate reasons arising from penological and administrative interests of the prison system. And on the record before the court, there is an absence of any legitimate penological reasons for that deviation. All right, you have you have a minute. Why don't you finish up? Sure. Baxter's fourth claim is he presents a viable claim of access to the courts. In order to establish a violation of that right, plaintiffs must demonstrate that the defendant hindered the plaintiff's efforts to pursue a legal claim resulting in actual injury and that the claim was frustrated or impeded. At page A18 of the record, Baxter indicates he was attacked by prison guards and that he was thus preventing him from contacting specifically an attorney to then file a complaint about that attack. Therefore, on this record, his complaint alleges a denial of access to the courts to bring that identifiable claim in regard to the beating. And finally, Baxter was entitled to procedural due process for the denial of his phone call because it was atypical and significant, understand it. First, this deprivation was significant. Baxter was entitled to 15 minutes of phone per month while in segregated housing. That phone call was his tiny window into the outside world to contact family and loved ones. And to have this stripped away for no apparent reason is plainly devastating. Yet it becomes worse in that that deprivation was there was a reason and it was discrimination and retaliation, making this not a result of negligence, but rather an intended harm, an affront to his dignity. And finally, why don't you finish up, please? Of course, your honor. Furthermore, the deprivation was atypical in that other inmates in the segregated housing unit were all before you. Your time's about up before you finish. Let me ask you this. If you were permitted a opportunity to replead, what what would you add? In the it would be the opportunity if given the opportunity to replead, we would include all five of the claims that the complaint reasonably presents. You mean you'd file the same complaint? We would not. Well, we would. The complaint would clarify the five claims in Baxter's complaint. He appears at least to raise and as the district court viewed it to raise two claims. But when taking it under a charitable standard of review, as Philipson, Philipsy, Gurditch and Treisman suggest, you know, there are other claims within that. So it would be a cleaned up complaint alleged specifically alleging the five, five claims that can be inferred from what Baxter presented. You would you would articulate the claims better is what you're saying. Yes, your honor. Okay, thank you. We have your argument. We'll reserve decision. As noted before, the last two cases are on submission. Accordingly, I'll ask the deputy to adjourn. Of course, sense of John.